UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

**12 CIV 5537**

JOSEPH CHILL, on behalf of himself and all
others similarly situated,

            Plaintiff,

**<u>CLASS-ACTION COMPLAINT</u>**

v.

GC SERVICES LIMITED PARTNERSHIP

            Defendant.
-------------------------------------------------------X

## **INTRODUCTION**

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant GC Services Limited Partnership ("GC"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt. Collectors are also required to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## **JURISDICTION AND VENUE**

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331.

4. Venue and personal jurisdiction in this District are proper because:

    a. Plaintiff resides within this district;

      b.      Defendant does business within this District.

5.      Defendant, GC, is a limited partnership with offices at 6330 Gulfton in Houston, Texas, 77081, whose principal business is the collection of debts allegedly owed to others.

6.      Defendant is a "debt collector" as defined in the FDCPA.

7.      According to its website as of July 11th 2012, http://www.gcserv.com/, Defendant is a debt collector for others or a third party debt collector.

8.      Defendant is licensed by the New York City Department of Consumer Affairs as a debt collector which requires debt collection companies to be licensed prior to engaging in collection activities within New York City.

## FACTS

9.      On a date within the applicable statute of limitations, Defendant mailed at least 3 letters to Plaintiff regarding the same debt.

10.      The plaintiff is a "consumer" as defined by the FDCPA because he incurred a "debt" as defined by the FDCPA when he had a personal cell phone plan with Sprint and allegedly defaulted. The charges arose from personal, family or household purposes and not from business purposes.

11.      Defendant sent at least 3 letters to Plaintiff where the amounts of money that Defendant was stating was owed were going up without justification. See **Exhibit A**.

12.      The December 21, 2011 letter claimed "Balance Due- $730.74".

13.     The January 20, 2012 letter claimed "Balance Due- $760.41", an increase of over 4% of the original balance in 31 days.

14.     The April 10, 2012 letter claimed "Balance Due-$907.36", an increase of over 24% of the original balance in less than 4 months.

## VIOLATIONS ALLEGED

15.     Defendant's conduct violates 15 U.S.C. §§1692, 1692e and 1692f.

16.     Section 1692e provides:

### § 1692e.  False or Misleading Representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(2) The false representation of—
(A) the character, amount, or legal status of any debt; or
(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

17.     Section 1692f provides:

### § 1692f.  Unfair Practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

18.     Defendant violated the above provisions of the statute because the voice message did not contain the above required notice.

19.     Defendant is liable to the plaintiff for statutory damages pursuant to 1692k.

## CLASS ALLEGATIONS

20.     Plaintiff brings this action on behalf of a class, pursuant to Federal

Rules of Civil Procedure Rule 23(a) and 23(b) (3).

21. The class consists of (a) all individuals (b) with a New York address (c) who were sent letters from Defendant where Sprint is the creditor (d) and the balance was increasing from one letter to the next without justification (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

22. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

23. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether the Defendant's letters with balances increasing without justification violates the FDCPA.

24. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

25. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

26. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE,** the Court should enter judgment in favor of plaintiff and the class and against the defendant for:

        (1)    Statutory damages;

        (2)    Attorney's fees, litigation expenses and costs of suit;

        (3)    Such other and further relief as the Court deems proper.

Dated: New York, New York
       July 11, 2012

        **The Law Offices of Shimshon Wexler, PC**

By: _____
Shimshon Wexler
Attorney for Plaintiff
2710 Broadway, 2nd Floor
New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexleresq@gmail.com

# EXHIBIT A

**GC SERVICES LIMITED PARTNERSHIP**
**COLLECTION AGENCY DIVISION**
6330 GULFTON, HOUSTON, TX. 77081

YOU OWE
**SPRINT**

PO BOX 2667 (023)
HOUSTON, TX 77252-2667
RETURN SERVICE REQUESTED
DECEMBER 21, 2011

**BALANCE DUE STATEMENT**

BALANCE DUE
**$730.74**

ACCOUNT NUMBER
619597932

USE ENCLOSED ENVELOPE AND SEND PAYMENT TO:

0639211353000419-0120-35
JOSEPH CHILL

3 KENTOR LN
MONSEY NY 10952-1207

PO BOX 5220
SAN ANTONIO TX 78201

(866) 735-1713
2846909

**PLEASE DETACH AND RETURN UPPER PORTION OF STATEMENT WITH PAYMENT.**

Dear Joseph Chill:

Your account with SPRINT, in the amount of $730.74, has been referred to us.

By this time you must realize that you are delinquent. You may be eligible to participate in a special program to have service reinstated and retain your SPRINT phone number and rate plan. If you are interested in reinstating service with SPRINT please call us at the above referenced telephone number.

While we have not reported this account to any credit bureau as of the date of this letter, our client has authorized us to report your account to the three major credit bureaus unless we are able to resolve your account.

Otherwise, you may remit your balance in full or telephone us at (866) 735-1713 to discuss your account. Please send us your payment in the enclosed envelope.

R. Clark
Account Representative

0639211353000419
IMPORTANT: BE CERTAIN YOUR ACCOUNT IS CORRECT.
HOME PHONE         : _____
NEW ADDRESS        : _____
EMPLOYER           : _____  PHONE: _____
EMPLOYER ADDRESS   : _____

SNEX 12025
**NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION**



CL Services Limited Partnership
Collection Agency Division
6330 Gulfton, Houston, Tx. 77081

PO BOX 5220 (023)
SAN ANTONIO TX 78201
RETURN SERVICE REQUESTED
JANUARY 20, 2012

## BALANCE DUE STATEMENT



YOU OWE
SPRINT

BALANCE DUE
$760.41

ACCOUNT NUMBER
619597932

USE ENCLOSED ENVELOPE AND SEND PAYMENT TO:

0639211353000419-0120-06
JOSEPH CHILL

3 KENTOR LN
MONSEY NY 10952-1207

PO BOX 5220
SAN ANTONIO TX 78201

(866) 735-1713

2846909

**PLEASE DETACH AND RETURN UPPER PORTION OF STATEMENT WITH PAYMENT.**

Dear Joseph Chill:

In this current economic downturn, many people find themselves in difficult financial situations. Our goal is to create a partnership between you and a member of our professional staff who will listen to you and assist you.

We understand you may have financial adversity and we want to work with you. Our client provides us with the flexibility and time needed to help you resolve this obligation.

Please contact us to set up an interim payment and allow us to answer any questions you may have.

To submit a payment by mail, please make your check payable to Sprint and return it with this notice to the address shown below.

Call: (866) 735-1713

Mail: PO BOX 5220
      SAN ANTONIO TX 78201

Sincerely,

R. Clark
Account Representative

NEX-SPEL

**NOTICE:** SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION

DEPT. HOVS 023
PO BOX 3044
LIVONIA MI 48151-3044
RETURN SERVICE REQUESTED



**GC Services Limited Partnership**
6330 Gulfton, Houston, TX 77081

**Please call: (866) 735-1713**
Between 8:00 AM and 9:00 PM.

USE ENCLOSED ENVELOPE AND SEND PAYMENT TO:

0639211353000419 0120 18
P1YUW500401690 - 122021959 I03380
JOSEPH CHILL
3 KENTOR LN
MONSEY NY 10952-1207

PO BOX 5220
SAN ANTONIO TX 78201

| YOU OWE: **SPRINT** | FILE NUMBER: **2846909** |
|---|---|
| CLIENT ACCOUNT NUMBER: **619597932** | BALANCE DUE: **$907.36** |

*Please detach and return upper portion of statement with payment*

April 10, 2012

File Number: 2846909
Client Account Number: 619597932

Dear Joseph Chill,

Our client has authorized us to offer you the opportunity to settle your account. Instead of paying the full balance due on your account, you can pay 70% of the total amount due and our client will consider this account settled.

This is a great opportunity to finally take care of this long overdue account. If you wish to take advantage of this offer, contact our office at (866) 735-1713 or mail your remittance, in the form of a cashier's check or money order, in the amount of $635.15. Please note that this offer supersedes any prior offers. If the settlement amount is not received within fourteen (14) days of the date of this letter, this offer will become null and void.

In lieu of mail, you can pay by credit card through a third party payment service using the Internet at iwant2.paymybill.com or phone at 1-866-294-0068. Use this control number to identify yourself when prompted: 0639211353000419.

Payment of settlement amount does not make you eligible for reinstatement of SPRINT services. To be eligible for service your entire balance must be paid. Upon payment of the entire balance, you may apply for new service with SPRINT. You may be subject to a security deposit on each new unit you establish.

Please note that this letter does not reduce your rights as stated on the reverse side of this letter. If you dispute this account or any portion thereof, please refer to the reverse side of this letter for an explanation of your consumer rights.

**IMPORTANT:** This offer only pertains to the above-mentioned account of the above-named client for the above-listed balance.

Sincerely,

R. CLARK
Account Representative

**NOTICE:** SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION

GC Services Limited Partnership - Collection Agency Division - 6330 Gulfton, Houston, TX 77081

0120-18       BSL-CB-NEX       0639211353000419       2072256